UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-371-C

ANNIE R. SMITH )
On Behalf of: )
ALFRED T. THOMAS (minor), )
 )
      Plaintiff, )
 )
vs. )
 ) ORDER
THE UNITED STATES OF AMERICA, )
PETER GILCREST, NATHANIEL P. )
PROCTOR, YVONNE MIMS-EVANS, )
GRAHAM C. MULLEN, TIM D. )
SMITH, THOMAS C. PORTER, and )
HELMS, MULLIS & WICKER PLLC, )
 )
      Defendants. )

## I. INTRODUCTION

This matter is before the Court on the Defendants' Motions to Dismiss. (Doc. No. 3, 5, 6, 8, 9). The Plaintiff, Annie R. Smith, is bringing this *pro se* lawsuit on behalf of her grandson minor-child, Alfred T. Thomas. Alfred's father, Randy L. Thomas, has already filed five previous suits on his behalf.[1] On June 19, 2007, Judge Mullen issued a prefiling injunction against Randy L. Thomas banning him "from making any further filings against government officials and their counsel without first obtaining express permission from the Court." Thomas v. Fulton, No. 07-200 (W.D.N.C. May 14, 2007) (Doc. No. 9). The Fourth Circuit, however, issued an unpublished opinion finding Judge Mullen's injunction overly-broad. Thomas v. Fulton, et al., 2008 WL64651 (4th Cir. January 7, 2008).

---

[1] See Thomas v. Charlotte Mecklenburg Schools, No. 06-238 (W.D.N.C. June 1, 2006); Thomas v. Helms Mulliss Wicker, PLLC, No. 07-52 (W.D.N.C. February 5, 2007); Thomas v. Olshausen, No. 07-130 (March 26, 2007); Thomas v. Fulton, No. 07-200 (W.D.N.C. May 14, 2007); Thomas v. Mullen, No. 07-231 (W.D.N.C. June 15, 2007).

At the end of Ms. Smith's complaint, there is a statement signed by Randy L. Thomas giving Ms. Smith permission to file a complaint on behalf of Alfred. (Doc. No. 1). Although the exact facts are unclear from Ms. Smith's complaint, she appears to allege that her grandson's constitutional and civil rights were both violated. She is seeking relief under 42 U.S.C. §§ 1983, 1985 and "Title 18 & Title 28." While there are numerous reasons for the entire complaint to be dismissed, the Court will limit itself to the following.

## II. ANALYSIS

An individual unquestionably has the right to litigate a lawsuits *pro se* in federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."). The right to litigate one's own lawsuit, however, does not give one a right to litigate on behalf of another. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a *pro se* prisoner could not litigate the rights of a fellow prisoner). "The reasons behind this rule is two-fold: it protects the rights of those before the court . . . and jealously guards the judiciary's authority to govern those who practice in its courtrooms." Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005) (internal citations omitted).

In the instant case, a minor-child is at issue. Although the defendants do not argue that the named plaintiff or the child's father are in error by filing *pro se* on behalf of the minor, the Court raises the issue *sua sponte*, for an "infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." Myers, 418 F.3d at 399 (citing Doe v. Bd. of Educ., 165 F3d 260, 264 (4th Cir. 1998)). In Myers v. Loudoun County Public Schools, the Fourth Circuit held "[w]e therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the

claims of their minor children in federal court." 418 F.3d at 401.[2]

Applying this rule clearly articulated by the Fourth Circuit, this Court finds that neither Randy L. Thomas, nor anyone on his behalf, including Annie R. Smith, may bring a lawsuit *pro se* on behalf of his son. Furthermore, the body of the complaint is unclear as to whether Ms. Smith is also asserting claims on behalf of her son, Randy L. Thomas. This holding equally prohibits Ms. Smith from litigating *pro se* on behalf of him as-well.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the complaint (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** against all Defendants.

Signed: February 7, 2008

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] The Myers court stated that the exception to this rule may include an appeal from the denial of Supplemental Security Income benefits because of the unique policy considerations involved in such a case. See e.g. Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002).